## SCHULZ v. STATE OF FLORIDA, COUNTY OF DADE
### Case No. 84-143-AC
Eleventh Judicial Circuit, Appellate Division, Dade County

March 5, 1985

### APPEARANCES OF COUNSEL

**Lance R. Stelzer** for appellant.

**Jim Smith,** Attorney General, and **G. Bart Billbrough,** Assistant Attorney General, for appellee.

Before TENDRICH, SMITH, and BARAD, JJ.

### OPINION OF THE COURT

BARAD, Judge.

The Defendant, Samuel J. Schulz, was arrested and charged with

crime of Driving Under the Influence of Alcohol. He had no prior arrest record and no citations for traffic violations for the past seven years. From the record it is evident that he had no familiarity with the criminal justice system. Five days after his arrest the defendant was arraigned. At said arraignment the following plea colloquy ensued:

THE COURT: Okay, Mr. Schulz, you're charged with driving under the influence of alcohol. How do you plead?

MR. SCHULZ: Guilty

THE COURT: Have you got a reading?

MR. CATALANO: .13 no priors.

THE COURT: Swear Mr. Schulz in, please.

Thereupon;

THE COURT: Mr. Schulz, state your name, your age, your occupation, and your address.

MR. SCHULZ: Age is forty two. Address is 1991 S.W. 33rd Court. Occupation—I'm a manager for a shipping company in Miami.

THE COURT: And your full name?

THE COURT: How far did you get in school, Mr. Schulz?

MR. SCHULZ: I have two graduate degrees.

THE COURT: And you understand you're pleading guilty to a criminal misdemeanor of driving under the influence of alcohol?

MR. SCHULZ: I did.

THE COURT: You understand that the maximum penalty is six months in jail, five hundred dollar fine. Do you understand?

MR. SCHULZ: Yes.

THE COURT: In return for the fact this is your first offense and you're pleading guilty, your penalty is—how much do you make a week?

MR. SCHULZ: Six hundred dollars.

THE COURT: Your penalty will be a two hundred fifty dollar fine, one hundred dollar court costs, plus the sur charge which comes to three hundred seventy seven dollars and fifty cents. You'll not have to pay that for eights weeks. You'll also be sentence to fifty hours community service and that will cost sixty dollars supervision fee. Traffic school for drunk drivers will cost one hundred thirty-five

102

dollars. You'll have to enroll in that school within the next seventy two hours.

We give you the opportunity to complete the course since I can't give you a work permit for driving back and forth until you complete the program.

We did not take your license today. You're not suspended effective today. When you come back in eight weeks, then I take your license. You're free to drive now until you complete the program in eight weeks. Whether you complete it or not, I take your license. I give you in exchange a work permit and you are then under suspension for the next six months for driving under the influence, but you will be able to drive for emergency purposes and work purposes.

You will also be on six months non-reporting probation. You don't do anything. There's nothing you have to do—report to a probation officer or pay a fee or anything.

If you are arrested and convicted of a misdemeanor or felony within the six months, we'll bring you back, have a short hearing, if found guilty, put you in jail for the first six months. Do you understand that?

MR. SCHULZ: Yes.

THE COURT: If you get arrested and convicted of driving while impaired due to alcohol or drugs a second time in any time in your life whatever period of suspension you're given, you'll not be allowed a work permit. Do you understand that?

THE COURT: If that arrest and conviction happens within three years, it will be a five year suspension of your license, no work permit, one thousand dollar fine, you'll have to go to jail for ten days, not more than nine months and you have to go back to traffic school for a ten week course at three hundred dollars. Do you understand that?

MR. SCHULZ: I understand.

THE COURT: If you get convicted a third time due to drugs or alcohol in five years, you'll get a ten year suspension of your license, no work permit, minimum, twelve months maximum. Do you understand that?

MR. SCHULZ: I understand.

MR. SCHULZ: Yes

THE COURT: Were you forced or coerced by anyone in the courtroom or outside the courtroom?

**103**

MR. SCHULZ: No.

THE COURT: Were you promised anything in exchange for your plea of guilty?

THE COURT: Are you pleading guilty because you are and for no other reason.

MR. SCHULZ: I am guilty.

THE COURT: Okay, Any questions, Mr. Schulz?

MR. SCHULZ: No.

MR. CATALANO: We'll dismiss the other ticket—unsafe equipment—when you come back after you finish the school.

THE COURT: Right now, you don't have a criminal record. When you come back finish with the school, we'll dismiss the other ticket and you can pay the fine. Is your address still the same as it was?

MR. SCHULZ: Yes.

THE COURT: Have a seat over here, Mr. Schulz.

The Defendant filed a motion to withdraw his plea of guilty on the following grounds:

1. The court failed to advise the defendant that he is entitled to be represented by an attorney and if he is unable to afford one he will be provided with the assistance of counsel.

2. He was not advised that the state has the burden of proving the defendant to be guilty of the charge, to the exclusion of every reasonable doubt.

3. Failure to inform the defendant that he may confront and cross examine the witnesses against him.

4. That he had a right to subpoena witnesses in his behalf.

5. He was not advised of his right against self incrimination.

Florida Rules of Criminal Procedure 3.172, effective July 1, 1977, contains the procedure to be followed before the court accepts a plea of guilty or nolo contendere:

> Except in the case of a defendant tried in absentia for a misdemeanor, the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and determine that he understands the following: (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and (2) If the defendant is not

104

represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and (3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial he has the right to the assistance of counsel, the right to compel attendance of witnesses on his behalf, the right to confront and cross examine witnesses against him, and the right not to be compelled to incriminate himself; (4) That if he pleads guilty or nolo contendere without express reservation of right to appeal, he gives up his right to appeal, he gives up his right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but he does not impair his right to review by appropriate collateral attack; (5) That if he pleads guilty or is adjudged guilty after a plea of nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to trial; and (6) That if he pleads guilty or nolo contendere, the trial judge may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for prejury; and (7) The complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result.

The record clearly reveals an absence of substantial compliance with Florida Rules of Criminal Procedure 3.172. Appellants motion to withdraw plea of guilty made by the defendant should have been granted.

Reversed.